AMERICAN EXPRESS CO. ET AL. *v.* UNITED STATES

**No. 6625.**—Invoices dated Courtrai, Belgium, July 30, 1938, etc.
Certified August 1, 1938, etc.
Entered at New York, N. Y., August 22, 1938, etc.
Entry No. 719695, etc.

(Decided December 16, 1946)

*Mary Rehan* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed, subject to the approval of the court, that the issues in the appeals for reappraisement listed in the attached schedule are the same in all material respects as the issues decided in Reappraisement Decision No. 6283, *Stephen Rug Mills* v. *United States,* and that the record in said case may be incorporated herein.

It is further stipulated and agreed, subject to the approval of the court, that the market value or price at the time of exportation of the merchandise involved in each of the cases enumerated in the attached schedule, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, is the invoiced values in each case.

It is further stipulated and agreed that there was no foreign value for the merchandise herein at the time of exportation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the invoiced values in each case.

Judgment will be rendered accordingly.

BROWN & ROESE, A/C McMULLEN LEAVENS CO. ET AL. *v.* UNITED STATES

**No. 6626.**—Invoices dated Manchester, England, September 16, 1941, etc.
Certified September 16, 1941, etc.
Entered at New York, N. Y., October 8, 1941, etc.
Entry No. 718080, etc.

(Decided December 16, 1946)

*John D. Rode* for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A,

hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

DINGELSTEDT & CO. ET AL. v. UNITED STATES

No. 6627.—Invoices dated Stoke Newington, England, October 3, 1941, etc.
Entered at New York, N. Y., November 14, 1941, etc.
Entry No. 724462, etc.

(Decided December 16, 1946)

*John D. Rode* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KINCHELOE, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

ALEXANDERS DEPT. STORES, INC., ET AL. v. UNITED STATES

No. 6628.—Invoices dated Leicester, England, October 27, 1941, etc.
Certified October 28, 1941, etc.
Entered at New York, N. Y., January 5, 1942, etc.
Entry No. 732921, etc.

(Decided December 16, 1946)

*John D. Rode* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

COLE, Judge (Abstract): These appeals for reappraisement of various items of merchandise concern the so-called British purchase tax, described in the law of the United Kingdom entitled, "Finance (No. 2) Act 1940 3 & 4 Geo. 6 Ch. 48." The said tax was held not to be an item to be included in foreign value as defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Adminis-